Ford, J.
On the trial of this cause, the plaintiff offered to read in evidence, the examination of Elias Bates, of the state of Missouri, alleged to be taken there, under a commission from this court, pursuant to the statute, .Rev. laws 437. Some of the exceptions taken to it, appearing to the judge who tried the cause, to be insurmountable, he rejected the examination, but gave the plaintiff leave to move at bar, the question of its admissibility; and the plaintiff not being able to maintain his action without this evidence, proceeded no further, and wás called.
1. The statute enacts, that the commissioners shall first take an “ oath or affirmation, faithfully, fairly and impartially, to execute the said commission; which oath or affirmation may be taken before any person lawfully authorised to administer an oath or affirmation in the state, territory or kingdom where the said commissioners may be.” liar. Comp. 11 seo. 1. now the oath that was administered, and the authority of the person to administer it, appeared on the face of the return, to be as follows; “ State of Missouri, county of Jefferson : ” This day, personally appeared before me Chauney Smith a justice of the peace for the county oj Jefferson aforesaid, Samuel Woodson and Ilenry P. Bates, commissioners for taking the following depositions, and were sworn, “faithfully to discharge the duties assigned them in the foregoing commission, May 18th 1832, Chauney Smith justice of the peace.” They do not swear that they will execute the commission cither fairly or impartially as the statute enacts; but leaving out both those requirements, they swear to do it faithfully. Now the court has a power which it often exercises, of dispensing with form; not however with the substance of a statute; and yet “fairly and impartially ” are a part of the substance of the oath. They mean something more than is meant by the word “ faithfully,” or they would not have been used in the statute. If they mean only the same thing as faithfully, then it is granted, that by the rule of legal construction, they become useless words, and may be stricken out of the statute. The word “ faithfully,” as it respects temporal affairs, means diligently, without unnecessary delay: as a faithful officer, a faithful servant, in applying to their duties. An agent may be very faithful, yet very partial, to his employer. If there is the least room for evasion, the legislature did well, by way of guarding against it, *74 after the word faithfully, to add the words “fairly and impartially,” in order to be sure to bind the conscience of the commissioners on the point of impartiality; and to expunge both these words from the oath, and not substitute any others in their place as equivalent, is a substantial departure from the statute. It is no sufficient reason for abolishing part of our laws, that they are unknown to foreign commissioners; they are not presumed to be known; the official oaths should have been placed on the back of the commission, before it left the state. We have no power to repeal the statute, merely to heal such an omission.
2. Another defect is this; the return no where shews that Chauncey Smith had lawful authority to administer an oath. It sufficiently appears that he was a justice of the peace, but it depends on the laws of Missouri, whether a justice of the peace has “ lawful authority to administer an oath or affirmation; ” and the court must have something that will amount to evidence of those laws. This court cannot take judicial notice of the laws and constitution of a foreign state. If we were to do so, it would be error. Our desire is to administer justice, but it must be public justice, according to the laws of the state. Our statute says, that the oath must be administered by a person “ lawfully authorized ” to do it, not here but “ in the state where the commissioners may be.” IfChauncy Smith, after his style “justice of peace,” had added, “ lawfully authorized to administer an oath or affirmation in said county,” the court would have received it as official evidence of their laws. We did so in the case of Ludlum and Broderick. Here again, the form of jurat required by our law, should have been sent with the commission, or furnished by instructions. Ought or can the court abolish this part of the statute, in order to save that trouble?
3. But there is another objection, which nothing that I hear, has been able to remove. This court in the body ofthe commission, gave to the commissioners, a dedimus potestatem, by authority of the statute, or in other words, a power to administer an oath or affirmation to any witness they should have occasion to examine. The trust was of a personal nature; they could exercise it themselves ; but could not delegate it to another. Now they have not returned that they swore the witness. It is evident they did not; for the jurat is signed by Chauncy Smith justice of peace; so *75 that the witness was sworn by him ; and the commissioners only certify that he was examined before them, and subscribed his name in their presence. The commissioners had the authority, but they did not exercise it; it was done by the justice, to whom the power was not granted. Upon these objections, the examination was properly rejected. Yet these mistakes are not the act of the plaintiff, nor has the court any ground to suspect that they happened by his instigation or design; they were committed by the commissioners, who were acting as officers of this court; and instead of turning the plaintiff’ entirely round, to commence a new action ; if he chooses to apply for another commission, in the place of this, so insufficiently executed by those officers of the court, the nonsuit induced by that means, ought to be set aside, • and a new commission awarded, on payment of costs.